UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 17-cv-9222 |
| | ) | |
| FRANK ERIC TALBERT, THE PROTEUS GROUP, LLC, and THE PROTEUS GROUP 401(K) RETIREMENT PLAN | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), acting by and through his attorneys, alleges as follows:

1.     This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

2.     This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.     The Proteus Group 401(k) Retirement Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4.     Venue of this action lies in the Northern District of Illinois pursuant to ERISA

§ 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in, Chicago, Cook County,

Illinois, within this district.

**DEFENDANTS**

5.     The Plan is named as a defendant herein pursuant to Federal Rule of Civil

Procedure 19(a) solely to assure that complete relief can be granted.

6.     From at least August 1, 2009, through December 31, 2016, the Proteus Group,

LLC ("Proteus") was the sponsor of the Plan; the Plan Administrator; a fiduciary of the Plan

within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and a party in interest to the

Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

7.     From at least August 1, 2009, through December 31, 2016, Defendant Frank Eric

Talbert owned 39% of Proteus.  Talbert was also the managing partner, the primary manager in-

charge of the day-to-day operations of Proteus, the sole trustee of the Plan, a fiduciary of the

Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest

to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C.

§ 1002(14)(A), (E), and (H).

**FACTUAL ALLEGATIONS AND RESULTING ERISA VIOLATIONS**

**COUNT ONE**
**Failure to Remit Participant**
**Contributions to the Plan**

8.     Paragraphs 1 through 7 above are realleged and incorporated in these allegations.

9.     On August 1, 2002, Proteus established the Plan to provide retirement benefits to

its employees.

10.     The Plan was restated effective as of January 1, 2009.

2

11.     From at least January 1, 2009, through December 31, 2016, the Plan's governing documents, which were adopted by Proteus, provided in pertinent part that the Plan would be funded through Proteus contributions and employee elective deferrals to the Plan withheld from employee wages through payroll deduction.

12.     From at least January 1, 2009, through December 31, 2016, the Plan's governing documents, which were adopted by Proteus, provided in pertinent part that participants could obtain loans from the Plan.

13.     From January 4, 2012, through November 18, 2016, participants had employee salary deferral contributions and participant loan repayments withheld from their wages for remittance to the Plan.  During that same period, a total of $56,886.51 in participant contributions and $2,188.68 in loan repayments were withheld from employees' paychecks, but not remitted to the Plan.

14.     The salary deferral contributions and participant loan repayments withheld by Proteus from employees' wages between January 4, 2012, through November 18, 2016, were retained in Proteus's own general operating account and not used for Plan purposes.

15.     From January 4, 2012, through December 31, 2016, when Proteus ceased operations, Defendant Talbert was responsible for remitting participant contributions and participant loan repayments to the Plan.

16.     During the period from January 4, 2012, through November 18, 2016, Talbert caused Proteus to not remit the employee salary deferral contributions and participant loan repayments to the Plan that were withheld from participating employees' pay.

17.     By the allegations described in paragraphs 8 through 16 above, Talbert and Proteus:

3

a.      failed to ensure that all Plan assets were held in trust, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

b.      failed to ensure that Plan assets did not inure to the benefit of Proteus, in violation of  ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

c.      failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d.      failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) ;

e.      caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

f.      dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

g.      acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

18.     As a direct and proximate result of Defendant Talbert and Proteus's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

**COUNT TWO**
**Failure to Timely Remit Participant**
**Contributions to the Plan**

19.    Paragraphs 1 through 7 and 9 through 12 above are realleged and incorporated in these allegations.

20.    During the period from January 4, 2012 through November 18, 2016, a total of $153,512.10 in participant salary deferral contributions and $2,517.96 in participant loan repayments were withheld from employees' paychecks, but not timely remitted to the Plan.

21.    The salary deferral contributions and participant loan repayments withheld by Proteus from employees' wages between January 4, 2012, through November 18, 2016, were not timely remitted to the Plan.

22.    During the period from January 4, 2012, through November 18, 2016, Talbert caused Proteus not to timely remit the employee salary deferral contributions and participant loan repayments to the Plan that were withheld from participating employees' pay

23.    By the allegations described in paragraphs 19 through 22 above, Talbert and Proteus:

a.    failed to ensure that all Plan assets were held in trust, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

b.    failed to ensure that Plan assets did not inure to the benefit of the Proteus, in violation of  ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

c.    failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d.      caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

e.      dealt with assets of the Plan in his own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

f.      acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

24.      As a direct and proximate result of Defendant Talbert and Proteus's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE
### Failure of Fiduciaries to Maintain Fidelity Bond

25.      Paragraphs 1 through 7 above are realleged and incorporated in these allegations.

26.      From at least January 4, 2012, through December 31, 2017, neither Talbert nor Proteus maintained a fidelity bond to protect the Plan's assets.

27.      By the allegations described in paragraphs 25 through 26 above, Talbert and Proteus failed to ensure that the fiduciaries were bonded, in violation of ERISA 412(a) and (b), 29 U.S.C. § 1112(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A.      Permanently enjoining Defendants Talbert and Proteus from violating the provisions of Title I of ERISA;

6

B.      Ordering Defendants Talbert and Proteus to make good to the Plan all losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

C.      Requiring Defendants Talbert and Proteus to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

D.      Removing Defendants Talbert and Proteus from their positions as fiduciaries with respect to the Plan;

E.      Permanently enjoining defendants Talbert and Proteus from serving as fiduciaries or service providers to ERISA-covered plans;

F.      Appointing an independent fiduciary to administer the Plan;

G.      Ordering Defendants Talbert and Proteus to pay all reasonable fees and expenses incurred by the independent fiduciary in administering the Plan;

H.      Awarding the Secretary the costs of this action; and

I.      Ordering such further relief as is appropriate and just.

Respectfully submitted,

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


 /s/Kevin M. Wilemon
**KEVIN M. WILEMON**
**Trial Attorney**

P.O. Address:
Office of the Solicitor                         Attorneys for **R. ALEXANDER ACOSTA**
U.S. Department of Labor                  Secretary of Labor, United
230 South Dearborn Street                 States Department of Labor,

7

Eighth Floor                                          Plaintiff
Chicago, Illinois 60604
Telephone:  (312) 353-6973
Facsimile: (312) 353-5698
wilemon.kevin@dol.gov